**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**


IN RE: MICHAELS STORES, INC.,
PIN PAD LITIGATION                                                                 MDL No. 2312


**ORDER DENYING TRANSFER**


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Michaels Stores, Inc. (Michaels), moves to centralize this litigation in the Northern District of Illinois. This litigation currently consists of seven actions pending in two districts, as listed on Schedule A. All Northern District of Illinois plaintiffs support the motion, and plaintiff in the District of New Jersey action has not responded to the motion.

On the basis of the papers filed and the hearing session held, we will deny the motion. It is undisputed that these actions share factual questions arising out of allegations of tampering with PIN pad devices used for credit and debit card transactions in Michaels stores. We are not persuaded, however, that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at this time. Only seven actions are currently pending in two districts, six of which have been consolidated, and movant has not met its burden of demonstrating the need for centralization of such a minimal number of actions. *See, e.g., In re Transocean Ltd. Sec. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Counsel can avail themselves of alternatives to Section 1407 transfer to minimize whatever possibilities there are of duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Helicopter Crash Near Zachary, La., on Dec. 9, 2004*, 484 F. Supp. 2d 1354, 1355 (J.P.M.L. 2007) (citing *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978)); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

Notably, transfer pursuant to Section 1404 is available to minimize any possibility of duplicative discovery among these actions. Indeed, one action included in the present Section 1407 motion has already been transferred to the Northern District of Illinois from the District of New Jersey, pursuant to Section 1404. Though defendant represents that the remaining District of New Jersey plaintiff will not consent to Section 1404 transfer, we find that a motion for transfer to the Northern District of Illinois pursuant to Section 1404 is the better course of action in this situation. As we have previously held, "centralization under Section 1407 should be the last solution after considered review of all other options," including transfer pursuant to Section 1404. *See In re Best Buy Co., Inc., Song-Beverly Credit Card Act Litig., et al.*, MDL Nos. 2256, 2259, 2260, 2267, 2268, 2011 U.S. Dist. LEXIS 92699, at *5 (J.P.M.L. Aug. 16, 2011).

---

[*]         Judge W. Royal Furgeson, Jr. took no part in the decision of this matter.

-2-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these seven actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                    Barbara S. Jones
Paul J. Barbadoro                 Marjorie O. Rendell
Charles R. Breyer

**IN RE: MICHAELS STORES, INC.,**
**PIN PAD LITIGATION**                                           MDL No. 2312

### SCHEDULE A

<u>Northern District of Illinois</u>

Brandi F. Ramundo v. Michaels Stores, Inc., C.A. No. 1:11-03350
Mary Allen v. Michaels Stores, Inc., C.A. No. 1:11-03579
Kimberly M. Siprut v. Michaels Stores, Inc., C.A. No. 1:11-03725
Jeremy Williams v. Michaels Stores, Inc., C.A. No. 1:11-03883
Fred Sherry v. Michaels Stores, Inc., C.A. No. 1:11-05900
Sara Rosenfeld, et al. v. Michaels Stores, Inc., et al., C.A. No. 1:11-06335

<u>District of New Jersey</u>

Lori Wilson v. Michaels Stores, Inc., C.A. No. 2:11-05210